FILED
SEP 26 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Leothis West, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11 1728 |
| | ) |
| Rosie Rios, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). In pleading fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Plaintiff, a District of Columbia resident, sues an individual with a District of Columbia address for fraud. He seeks $100,000 in damages. Compl. at 2. As with plaintiff's previously dismissed cases against Ms. Rios, no facts are stated in support of the claim. *See West v. Rios*, No. 10–cv-2337 (UNA) (D.D.C. Dec. 30, 2010), *aff'd*, No. 11-5003 (D.C. Cir. June 21, 2011) (dismissing case without prejudice); *West v. Rios*, No. 10-cv-2098 (UNA) (D.D.C. Dec. 10, 2010) (same).[1] Plaintiff has yet to cure the pleading deficiency, and the sparse allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (*quoting Tooley*, 586 F.3d at 1009). Therefore, the Court will dismiss the instant complaint with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: September __, 2011

_____
United States District Judge

---

[1] In each action, plaintiff lists the defendant's address as 1500 Pennsylvania Avenue, Washington, D.C., which is the address of the Department of the Treasury. The Court surmises that plaintiff is suing U.S. Treasurer Rosa Gumataotao Rios.